IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Raven Dubois, | ) | C/A No.: <u>3:24-CV-04603-JFA</u> |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SECOND AMENDED COMPLAINT** |
| vs. | ) | **(Jury Trial Demanded)** |
| | ) | |
| AHPC Tropical Ridge Apartments LLC and | ) | |
| Apartment Management Consultants, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Raven Dubois, by and through counsel, respectfully comes before this Court and alleges as follows[1]:

### **PARTIES AND JURISDICTION**

1.     Plaintiff Raven Dubois is a citizen and resident of Richland County, South Carolina.

2.     Defendant AHPC Tropical Ridge Apartments LLC, at all times relevant, owned the Tropical Ridge Apartments in Irmo, South Carolina, is a Delaware limited liability company, and may be served with process via its registered agent First Corporate Solutions, Inc. 317 Ruth Vista Road, Lexington, South Carolina 29073.

3.     Defendant Apartment Management Consultants, LLC was the agency that managed the day-to-day operation of the Tropical Ridge Apartments, is a Utah limited liability company, and may be served with process via its registered agent CT Corporation System, 2 Office Park Court, Ste. 103, Columbia, South Carolina, 29223.

---

[1] Plaintiff is filing this Second Amended Complaint to correct the caption so that it correctly reflects the Defendant's name as AHPC Tropical Ridge Apartments LLC in accord with the Consent Motion filed as Dkt. 25. This is a technical amendment and the Defendants' prior Answers have full force and effect as responsive pleadings to this filing.

4.     Defendant AHPC Tropical Ridge Apartments LLC is liable for the actions of its agent and/or apparent agent; Apartment Management Consultants.

5.     Defendants are subject to personal jurisdiction in South Carolina vis-à-vis their actions in owning/managing the subject apartment complex and committing tortious actions in South Carolina.

6.     This court has jurisdiction under 28 U.S.C. § 1332 due to diversity of citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

**FACTS**

7.     Plaintiff rented an apartment at the Tropical Ridge Apartments and moved in on January 31, 2023.

8.     Defendants initially delayed Plaintiff's move in because an employee of Defendants had died.

9.     After the delay, Defendants had Plaintiff take possession without turning on the water, without cleaning the apartment, without the Defendants doing any inspection to make sure the apartment was ready or any of the necessary normal pre-renting diligence.

9.     Instead of a normal move into a ready apartment, Defendants had Plaintiff hire a cleaning company and Plaintiff submitted that bill to Defendants for payment.

10.    Defendants failed to have a working smoke detector installed in Plaintiff's apartment prior to Plaintiff moving in.

11.    The smoke detector in Plaintiff's apartment beeped from the time she took possession of the unit through time of the fire at issue in this Complaint.

12.    Plaintiff informed Defendants, through their onsite agent, that the smoke detector was beeping.

13.     Defendants told Plaintiff that they were adding Plaintiff's apartment to a list for repairing smoke detectors and that the fire department was coming out to inspect/fix the smoke detectors.

14.     Defendants had specific notice of the defective condition (that the smoke detector was not working).

15.     Defendants failed to have the smoke detector repaired and or replaced after learning that it was not working.

16.     Plaintiff also informed Defendants that her neighbor and/or his guests were making dangerous fires on the premises.

17.     Plaintiff has a video of a neighbor's prior fire and you can hear her smoke detector beeping in the video.

18.     Upon information and belief, Defendants failed to take any action after being informed that the neighbor and his guests were making dangerous fires on the premises.

19.     Upon information and belief on or about May 26, 2023, the same neighbor and/or his guests started a fire that resulted in the apartment complex being burned down.

20.     On or about May 26, 2023, the Tropical Ridge Apartments caught on fire.

21.     Plaintiff was in her apartment sleeping at the time of the fire and her smoke detector failed to go off and alert her to the danger.

22.     As a result of the smoke detector failing to work, Plaintiff was left unaware of the fire and suffered catastrophic burns and other damages.

## CAUSE OF ACTION
### (Negligence/Recklessness)

23.     Plaintiff incorporates all prior paragraphs.

24.     Defendants owed a duty to Plaintiff to make sure that a proper functioning smoke detector was installed in Plaintiff's apartment.

25.     Defendants owed a duty to Plaintiff to make sure they were providing a safe premises and to make sure Defendants were not unreasonably allowing dangerous tenants known to create fires to continue to reside on the premises.

26.     Defendants' duty as it relates to smoke detectors is also reflected in S.C. Code § 23-9-155.

27.     Defendants breached duties owed to Plaintiff by failing to test and ensure that the smoke detector was working prior to Plaintiff moving into the apartment.

28.     Defendants breached duties owed to Plaintiff by failing to provide working batteries for the smoke detectors when Plaintiff first took possession of the apartment.

29.     Defendants breached duties owed to Plaintiff and were negligent in that after they were on specific notice that the smoke detector was not working the Defendants failed to timely fix the smoke detector.

30.     Defendants breached duties owed to Plaintiff and were negligent in failing to investigate the prior fires made by Plaintiff's neighbor and in failing to remove the neighbor or put policies in place to ensure that Plaintiff's neighbor did not create other dangerous fires.

31.     Plaintiff suffered catastrophic losses caused by and as a result of Defendants' negligence.

32.     Plaintiff was hospitalized due to the fire with 12% total body surface area burns including second and third degree burns.

33.     Plaintiff continues to have health complications as a result of her burns and smoke inhalation including but not limited to asthma/sleep apnea due to smoke inhalation and skin discoloration and scarring.

34.     To date, Plaintiff has incurred over $450,000.00 in medical bills due to her injuries caused by the Defendants' negligence.

35.     Plaintiff has been unable to return to work since the fire due to her injuries and as such has suffered lost wages.

36.     Key personal belongings that could have been removed were destroyed in the fire including a significant amount of cash that Plaintiff kept in her apartment.

37.     Plaintiff has suffered damages that were caused by Defendants' negligence including *inter alia* loss of time, pain and suffering, loss of employment, embarrassment, mental stress, inconvenience, discomfort, loss of enjoyment of life, disfigurement, lost wages, past medical expenses and Plaintiff will incur future medical expenses.

38.     Defendants' tortious conduct described herein was reckless and therefore Plaintiff is entitled to punitive damages.

Wherefore Plaintiff respectfully prays for:

(a)     Actual damages;
(b)     Noneconomic damages;
(c)     Punitive damages;
(d)     Prejudgment interest;
(e)     Costs of Court; and
(f)     Any other relief the trier of facts finds appropriate.

**RICHARDSON THOMAS, LLC**

By: *s/ Brady R. Thomas*
Brady R. Thomas, Esq. (FBN: 9623)
brady@richardsonthomas.com
1513 Hampton Street
Columbia, SC 29201
T: (803) 281-8150

-and-

**RUTHERFORD LAW FIRM**
J. Todd Rutherford, Esq. (FBN: 07126)
trutherford@sc.rr.com
2113 Park Street (29201)
Post Office Box 1452
Columbia, SC 29202
T: (803) 256-3003
F: (803) 256-9698

Dated: November 21, 2024